David P. Finn, Esq. (Cal. Bar No. 249247)
david@finntrialattorneys.com
FINN TRIAL ATTORNEYS, APC
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4805

Alvin M. Gomez, Esq. (Cal. Bar No. 137818)
alvingomez@thegomezlawgroup.com
Boris Smyslov, Esq. (Cal. Bar No. 297252)
boris@thegomezlawgroup.com
GOMEZ LAW GROUP, P.C.
2725 Jefferson Street, Suite 3
Carlsbad, CA 92008
Telephone: (858) 552-0000
Facsimile: (760) 542-7761

Attorneys for Plaintiffs V. R., a minor, and Victor Rendon Sr.

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V. R., a minor, by and through his Guardian Ad Litem, BELINDA STORNIOLO; and VICTOR RENDON SR., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO; EVAN CAREY; CHALIT CARRANTO; THOMAS COOK; DARRYL PATMON; FANK SPINELLI; DEREK TRUMBO; MANUEL ZAMORA; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: **'25CV1660 BJC  DDL** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983) <br> 2. Substantive Due Process – (42 U.S.C. § 1983) <br> 3. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) <br> 4. Municipal Liability – Failure to Train (42 U.S.C. § 1983) <br> 5. Battery (Wrongful Death) <br> 6. Negligence (Wrongful Death) <br> 7. Violation of Ban Act (Cal. Civil Code § 52.1) <br><br> **DEMAND FOR JURY TRIAL** |

1. Plaintiffs, V. R., a minor, by and through his Guardian Ad Litem, BELINDA STORNIOLO, and VICTOR RENDON SR., and for their Complaint against

- 1 -

1    Defendants COUNTY OF SAN DIEGO, EVAN CAREY, CHALIT CARRANTO,

2    THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO,

3    MANUEL ZAMORA, and DOES 1 through 10, inclusive (Jointly referred to as

4    "Defendants"), hereby allege as follows:

5    **INTRODUCTION**

6    2.    This civil rights action seeks compensatory and punitive damages from

7    Defendants for violating various rights under the United States Constitution and state

8    law in connection with the fatal police shooting of Victor Rendon, Jr., the DECEDENT.

9    **PARTIES**

10    3.    At all relevant times, Victor Rendon, Jr. ("DECEDENT") was an individual

11    residing in the County of San Diego, California.

12    4.    Plaintiff V.R. is a minor individual residing in the County of San Diego,

13    California, and is the natural born son to DECEDENT.  V.R. sues by and through his

14    natural mother and Guardian Ad Litem BELINDA STORNIOLO.  V.R. sues both in his

15    individual capacity as the son of DECEDENT and in a representative capacity as

16    successor-in-interest to DECEDENT.  V.R. seeks both survival and wrongful death

17    damages under federal and state law.

18    5.    Plaintiff VICTOR RENDON, SR., is an individual residing in San Diego

19    County, California and was at relevant times the natural father of DECEDENT.

20    VICTOR RENDON, SR., sues in his individual capacity and seeks wrongful death

21    damages under federal and state law.

22    6.    At all relevant times, Defendant County of San Diego ("COUNTY") is and was

23    a duly organized public entity, existing under the laws of the State of California.  At all

24    relevant times, COUNTY was the employer of Defendants EVAN CAREY, CHALIT

25    CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK

26    TRUMBO, MANUEL ZAMORA, and DOES 1-4, who were COUNTY sheriff's

27    deputies, DOES 5-6, who were COUNTY sheriff deputies' supervisorial officers, and

28    DOES 7-10, who were managerial, supervisorial, and policymaking employees of the

COUNTY Sheriff's Department.   On information and belief, at all relevant times, EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and DOES 1-10 were residents of the County of San Diego, California.   EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and DOES 1-10 are sued in their individual and official capacity.

7.    At all relevant times, Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant COUNTY.

8.    At all relevant times, Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and DOES 1-10 were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non- elected officials.

9.     In doing the acts and failing and omitting to act as hereinafter described, Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and DOES 1-10 were acting on the implied and actual permission and consent of COUNTY.

10.    At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

11.    The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will

1   seek leave to amend this complaint to show the true names and capacities of these
2   defendants when they have been ascertained.  Each of the fictitious named defendants
3   is responsible in some manner for the conduct and liabilities alleged herein.
4   12.    On March 14, 2025, Plaintiffs served their claims for damages with COUNTY
5   pursuant to applicable sections of the California Government Code.
6   13.    On May 27, 2025, COUNTY rejected Plaintiffs' claims for damages by
7   operation of law.
8   14.    By the time of filing this Complaint, COUNTY has not issued its findings as to
9   whether EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL
10  PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA where
11  found to be within policy, whether they will be disciplined or not and whether
12  COUNTY has ratified their use of deadly force against DECEDENT.  Accordingly,
13  Plaintiffs reserve the right to amend this Complaint once the COUNTY has issued its
14  findings as to the involved officers' use of deadly force.

15                     **JURISDICTION AND VENUE**

16  15.    This civil action is brought for the redress of alleged deprivations of
17  constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the
18  Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is
19  founded on 28 U.S.C. §§ 1331, 1343, and 1367.

20  16.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants
21  reside in, and all incidents, events, and occurrences giving rise to this action occurred
22  in the County of Sacramento, California.

23
24                      **GENERAL ALLEGATIONS**

25  17.    The California Supreme Court has provided that Deputies of a County Sheriff's
26  department are under the same obligation to not cause injuries to the others as private
27  persons: "Except when otherwise provided by law, public employees in California are
28  statutorily liable to the same extent as private persons for injuries caused by their acts

or omissions, subject to the same defenses available to private persons. Cal. Gov. Code, § 820. Also, public entities are generally liable for injuries caused by the negligence of their employees acting in the scope of their employment. *Id.*, § 815.2.; *see also*, *Hayes v. County of San Diego,* 57 Cal.4th 622, 628-629 (2013)

18.    At all times herein mentioned, and prior thereto, Defendant COUNTY had a duty to:

(a)    Objectively investigate claims of excessive force, where appropriate, reprimand, retrain, instruct, or sanction COUNTY peace officers found to have used excessive force;

(b) Train and instruct COUNTY peace officers to respect and not violate federal and constitutional statutory rights of individuals similarly situated to and including Plaintiffs;

(c)    Supervise COUNTY peace officers to ensure that they do not have a practice or pattern of excessive force, including covering up of excessive force;

(d) Investigate officer involved uses of excessive force in a manner consistent with accepted criminal investigations to avoid cover ups of excessive force and misconduct;

(e)    To train, instruct, and supervise COUNTY peace officers on policies and procedures implemented by the COUNTY in use of force, among other policies and procedures such as the obligation and duty to adhere and follow Police Officer Standards and Training ("POST').  There may be additional facts which are currently under investigation and within the exclusive control of Defendants, and each of them. Plaintiffs will amend this First Amended Complaint at the appropriate time, or prove said facts at the time of trial;

(f) To train, instruct, and supervise COUNTY peace officers on policies and procedures implemented by the COUNTY in the duty to intercede, and to prevent any wrongdoing by fellow peace officers, among other policies and procedures such as the obligation and duty to intervene when a peace officer and to adhere and follow Police

Officer Standards and Training ("POST'). There may be additional facts which are currently under investigation and within the exclusive control of Defendants, and each of them. Plaintiffs will amend this Complaint at the appropriate time, or prove said facts at the time of trial

19.    The COUNTY's Use of Force Policy provides in relevant part that deputies will be held accountable for failure to comply with its contents and violation of this policy may result in disciplinary action up to and including termination. The policy states that any deputy sheriff, in the performance of their official law enforcement duties, will use force in a manner that is fair and unbiased to meet law enforcement objectives.

20.    The COUNTY Psychiatric Emergency Response Team (PERT) policy states: "When the Communications Center receives a call involving a person in mental health crisis, the radio dispatcher may seek to dispatch PERT directly if the person in crisis indicates a desire to cause self-harm or harm to others and if a PERT team is available. Otherwise, the radio dispatcher will dispatch uniformed deputies as necessary to handle the situation safely. Also, if sufficient information was received to suggest a PERT Unit response, the dispatcher will advise the on-scene deputies of the PERT Unit's availability."

21.    Plaintiffs are informed and believes that Defendant COUNTY failed to properly train its employees and peace officers, including each individual Defendant, regarding the PERT policy.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.    On November 15, 2024, Defendants responded to an incident involving the DECEDENT Victor Rendon Jr., at the 900 Block of Leland Street, San Diego, California.

23.    Prior to November 15, 2024, Defendants were aware of prior calls to the residence of the DECEDENT and were aware he suffered from serious mental health issues.

24.     On November 15, 2024, it was clear that the DECEDENT was suffering from

1    mental health issues that required immediate care and treatment.

2    25.    Based on information and belief, on November 15, 2024, Defendants had a

3    PERT unit that could have been summoned.  No PERT unit arrived on the scene that

4    day.

5    26.    The DECEDENT appeared to have a firearm on his person at times during the

6    encounter.

7    27.    Defendants set up outside the home and pointed firearms at the DECEDENT.

8    28.    At one point the DECEDENT was at the front door and began to bring the

9    firearm up to his own head.  The DECEDENT did not point the firearm at or fire the

10    firearm towards law enforcement officers at the scene.

11    29.    As the DECEDENT pointed the firearm towards his own head, Defendants

12    EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON,

13    FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA opened fire and

14    discharged their weapons an estimated 30 or more times, striking the DECEDENT

15    approximately 10-12 times in his head, chest, buttocks, and extremities, and killing

16    DECEDENT.

17    30.    Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK,

18    DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL

19    ZAMORA fired an estimated 30 or more gunshots at DECEDENT, including shots as

20    he was going to the ground, shots as he had his back to them, and shots after he had

21    already gone down to the ground.

22    31.    At the time of the shooting DECEDENT posed no immediate threat of death or

23    serious physical injury to the defendants, or any other person.

24    32.    The involved officers shot DECEDENT even though he was not an immediate

25    threat of death or serious bodily injury to the officers or anyone else and there were

26    other less than lethal options available.  Defendants EVAN CAREY, CHALIT

27    CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK

28    TRUMBO, and MANUEL ZAMORA did not show a reverence for human life. The

involved deputies are responsible for every single shot they fired, and this was not an immediate defense of life situation.

33.    Based on the number of shots fired, the Defendants appeared to engage in "contagious fire" on the DECEDENT in violation of Defendant's policy and procedures, POST guidelines, California statutes, the State and United States Constitution,

34.    Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA; and DOES 1 through 10, in violation of the policies and procedures of the COUNTY, the State of California and the United States, violated the constitutional rights of the DECEDENT in that said Defendants had no reasonable grounds to use deadly forced on DECEDENT.

35.    Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and DOES 1 through 10, violated the training, custom and practice of the COUNTY by using force against DECEDENT in a manner which is in violation of its policies, practices and procedures.

36.    While DECEDENT was surrounded by Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and DOES 1 through 10,  Defendants engaged in the following excessive and unlawful behavior:

      a.    Failed to call PERT when they knew or should have known of prior calls to the residence regarding the DECEDENT;

      b.    Ignored information from persons that knew DECEDENT that he was mentally ill and needed mental health intervention and help;

      c.    Taunted and stressed DECEDENT with their show of force;

      d.    Ignored opportunities to deescalate the situation and disarm the DECEDENT;

e.      Knew that DECEDENT suffered from mental illness and placed
        DECEDENT at a high degree of anxiety and stress;

f.       Engaged in the use of excessive force by engaging in deadly force for no
        reason;

g.      Violated policies, procedures, POST guidelines, training, state statutes,
        the State and U.S. Constitution;

h.      Used excessive force by engaging in "contagious fire";

i.      Each defendant failed to intervene and ask for resources to assist
        with the situation; and

j.       Failed to provide adequate stress training and training to reduce or
minimize the deputies from suffering from "tunnel vision."

37.    Plaintiffs are informed and believes and thereon alleges that said Defendants
EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON,
FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and DOES 1 through 10
and each of them, lacked proper training and qualifications in dealing with stress
situations in the use force.  The lack of training by said Defendants EVAN CAREY,
CHALIT CARRANTO, THOMAS COOK, , DARRYL PATMON, FANK SPINELLI,
DEREK TRUMBO, MANUEL ZAMORA, and DOES 1 through 10 is evidenced in
their conduct in improperly using force as set forth in this Complaint.

38.     Plaintiffs suffered loss of society, love, companionship, comfort, moral support
and affection, funeral and burial expenses, and other damages as the result of
Defendants actions and inaction.

## **FIRST CLAIM FOR RELIEF**

### **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff's against Defendants Evan Carey, Chalit Carranto, Thomas Cook, Darryl
Patmon, Fank Spinelli, Derek Trumbo, Manuel Zamora, and DOES 1 through 10)

39.    Plaintiffs reallege and incorporate by reference each and every allegation

contained in Paragraphs 1 through 38 above, as though fully set forth herein.

40.    On November 15, 2024, Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.    The unreasonable use of force by Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.    As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

43.    As a result of the conduct of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, they are liable for DECEDENT's injuries because they were integral participants in the excessive force.

44.    The use of deadly force was excessive because this was not an immediate defense of life situation, the involved officers did not deescalate the situation despite it being feasible to do so, and there were other reasonable options available other than shooting and killing DECEDENT.

45.    This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was going to the ground or he was already on the ground for some of the gunshots, including shots to his buttocks and shots to his sides.  The involved officers also fired an estimated over (30) shots striking DECEDENT approximately ten to twelve (10-12) times.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

46.    Said Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and DOES 1 through 10, and each of them, deprived the DECEDENT of his rights when they were acting under color of state law and of statutes, ordinances, regulations, and customs and usages of the Law of the United States, State of California, County of San Diego, which rights are included but not limited to, privileges and immunities secured to Plaintiffs by the constitution and laws of the State, and particularly:

(a)    The right to be free from excessive or unreasonable force in violation of his rights protected under the Fourth Amendment; and

(b)    The right to be treated fairly and justly;

(c)    The right to not be exposed by officers who are not properly trained, supervised and managed; and

(d)    The right to be free from unreasonable searches and seizures protected under the Fourth Amendment including excessive and deadly force.

47.    Each of these deprivations of rights lead to the death of DECEDENT which substantially caused damages to Plaintiffs.

48.    The conduct of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary

and punitive damages as to Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA.

49.    Plaintiffs bring this claim as successors-in-interest to the DECEDENT and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

50.    Plaintiffs also seek attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiffs against Defendants Evan Carey, Chalit Carranto, Thomas Cook, Darryl Patmon, Fank Spinelli, Derek Trumbo, Manuel Zamora, and Does 1-10)

51.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.    V.R. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

53.    VICTOR RENDON, SR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

54.    As a result of the excessive force by EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, DECEDENT died. Plaintiffs V.R. and VICTOR RENDON, SR. were thereby deprived of their constitutional right of familial relationship with DECEDENT.

55.     EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, acting under color of state law, thus violated the Fourteenth Amendment rights of V.R. and VICTOR RENDON, SR. to be free from unwarranted interference with their familial relationship with DECEDENT.

56.     The aforementioned actions of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs V.R. and VICTOR RENDON, SR., with purpose to harm unrelated to any legitimate law enforcement objective.

57.     Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

58.     As a direct and proximate cause of the acts of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

59.     As a result of the conduct of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, they are liable for DECEDENT'S injuries because they were integral participants in the denial of due process.

60.    The conduct of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA.

61.    Plaintiffs bring this claim individually and seek wrongful death damages for the violation of Plaintiffs' rights.

62.    Plaintiffs also seek attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiffs against Defendants COUNTY and Does 5-10)

63.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64.    On and for some time prior to November 15, 2024 (and continuing to the present date) Defendants DOES 5-10, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)    Employing and retaining as police officers and other personnel, including EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA,

whom Defendants DOES 5-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY Sheriff Department policies;

(b)    Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Sheriff deputies, and other personnel, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)    By failing to adequately train officers, including EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force;

(d)    By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 5-10 and COUNTY, were done with a deliberate indifference to individuals' safety and rights; and

(e)    Of totally inadequately training COUNTY Sheriff's Deputies, EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, with respect to shooting individuals in mental health crisis that were not posing a danger to the deputies or others.

65.    By reason of the aforementioned policies and practices of Defendants DOES 5-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

66.    Defendants DOES 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies,

practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

67.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 5-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

68.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 5-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

69.    By reason of the aforementioned acts and omissions of Defendants DOES 5- 10, Plaintiffs were caused to medical expenses, incur funeral and related burial expenses, and loss of financial support.

70.    By reason of the aforementioned acts and omissions of Defendants DOES 5- 10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

71.    Accordingly, Defendants DOES 5-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

72.    Plaintiffs seek wrongful death and survival damages under this claim.

73.    Plaintiffs also seek attorney fees under this claim.

///

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(By Plaintiffs against Defendants Does 5-10 and COUNTY)

74.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.    While acting under the color of state law and within the course and scope of their employment as sheriff's deputies for the COUNTY Sheriff's Department, EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA's shooting of DECEDENT, deprived DECEDENT of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

76.    The training policies of the defendant COUNTY sheriff department were not adequate to train its police officers, including but not limited to, EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, with regards to using deadly force.  As a result, COUNTY sheriff deputies, including EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, are not able to handle the usual and recurring situations with which they must deal, including making contact with individuals experiencing mental health crisis. These inadequate training policies existed prior to the date of this incident and continue to this day.

77.    The Defendant COUNTY sheriff department was deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, adequately with regards to using deadly force.  This inadequate training includes failing to teach officers to give a verbal warning when feasible prior to using deadly force, to give

commands when feasible prior to using deadly force, to take cover when the officers believe an individual is armed, to distinguish threats to themselves and others from self-harm, and to use less than lethal options, prior to resorting to the use of deadly force.

78.    COUNTY was aware that failure to implement some sort of training with regards to their officers' use of deadly force and dealing with individuals experiencing mental health crisis, would result in continuing to have numerous unreasonable officer-involved-shootings of mentally ill individuals annually.

79.    The failure of the Defendant COUNTY sheriff department to provide adequate training with regards using deadly force, caused the deprivation of the Plaintiff's rights by EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA.  In other words, the Defendant's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

80.    By failing to provide adequate training to COUNTY's sheriff's deputies, including EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, MANUEL ZAMORA, and Defendants DOES 5- 10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

81.    By reason of the aforementioned acts and omissions of Defendants DOES 5-10, Plaintiffs were caused to incur medical expenses, incur funeral and related burial expenses, and loss of financial support.

82.    By reason of the aforementioned acts and omissions of Defendants DOES 5-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

83.     Accordingly, Defendants DOES 5-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

84.     Plaintiffs seek wrongful death and survival damages under this claim.

85.     Plaintiffs also seek statutory attorney fees under this claim.

### FIFTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(By Plaintiffs against Defendants Evan Carey, Chalit Carranto, Thomas Cook, Darryl Patmon, Fank Spinelli, Derek Trumbo, And Manuel Zamora, Does 1-4 and COUNTY)

86.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87.     EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, while working as sheriff deputies for the COUNTY Sheriff Department, and acting within the course and cope of their duties, intentionally shot DECEDENT multiple times, including shots to his back, shots while DECEDENT was going to the ground and shots after DECEDENT had already went down to the ground, striking DECEDENT ten to twelve times.  Further, DECEDENT was clearly having a mental health crisis and not attempts were made to deescalate the situation and address his health issues.  The use of deadly force was also unreasonable because there were clearly less than lethal options available.  As a result of the actions of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, DECEDENT suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost earning capacity.  EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA had no legal justification for using force against DECEDENT and said

Defendants' use of force while carrying out their officer duties was an unreasonable use of force.  As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.    Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

88.    COUNTY is vicariously liable for the wrongful acts of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89.    The conduct of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

90.    Plaintiffs bring this claim both individually and as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages.

## **SIXTH CLAIM FOR RELIEF**

### **Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(By Plaintiffs against all Defendants)

91.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 90 of this Complaint with the same force and effect as if fully set forth herein.

92.    The actions and inactions of the Defendants were negligent, including but not limited to:

(a)  the failure to properly and adequately train employees, including EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, with regards to the use of force, including deadly force;

(b)  the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against DECEDENT;

(c)  the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(d)  the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(e)  the failure to provide and or summon prompt medical care to DECEDENT;

(f) shooting an individual who was not presenting a risk to deputies or others;

(i)  the failure to properly train and supervise employees, both professional and non-professional, including EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA; and

(j)Failed to provide adequate stress training and training to reduce or minimize the deputies from suffering from "tunnel vision."

93.    As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for

1  the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial

2  expenses and a loss of financial support under this claim.

3  94.    COUNTY is vicariously liable for the wrongful acts of EVAN CAREY,

4  CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI,

5  DEREK TRUMBO, and MANUEL ZAMORA pursuant to section 815.2 of the

6  California Government Code, which provides that a public entity is liable for the

7  injuries caused by its employees within the scope of the employment if the employee's

8  act would subject him or her to liability.

9  95.    Plaintiffs bring this claim individually and as successors-in-interest to

10  DECEDENT, and seek both survival and wrongful death damages and other damages

11  according to law and subject to proof at the time of trial.

12

13  **SEVENTH CLAIM FOR RELIEF**

14  **Violation of Bane Act (Cal. Civil Code § 52.1)**

15  (By Plaintiffs against Defendants Evan Carey, Chalit Carranto, Thomas Cook,

16  Darryl Patmon, Fank Spinelli, Derek Trumbo, And Manuel Zamora and Does 1-4)

17  96.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through

18  95 of this Complaint with the same force and effect as if fully set forth herein.

19  97.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from

20  interfering with another person's exercise or enjoyment of his constitutional rights by

21  threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

22  98.    Conduct that violates the Fourth Amendment violates the California Bane Act.

23  99.    Defendants EVAN CAREY, CHALIT CARRANTO, THOMAS COOK,

24  DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL

25  ZAMORA's use of deadly force was excessive and unreasonable under the

26  circumstances, especially since DECEDENT was not pointing a gun at deputies or

27  anyone else when he was fatally shot.  Further, some of the gunshots occurred as

28  DECEDENT was going to the ground and after he had already gone down to the

1    ground.  Defendants' actions thus deprived DECEDENT of his right to be free from

2    unreasonable searches and seizures under the Fourth Amendment and applied to state

3    actors by the Fourteenth Amendment.

4    100.  EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL

5    PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA

6    intentionally violated DECEDENT's rights under § 1983 by using excessive deadly

7    force against DECEDENT, including but not limited to, shooting the DECEDENT

8    without warning, including shots to his back and shots from behind.  Further, these acts

9    by EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON,

10   FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA demonstrate that

11   they had a reckless disregard for DECEDENT's constitutional rights.

12   101.  At the time of the shooting DECEDENT did not pose an immediate threat of

13   death or serious bodily injury and DECEDENT never verbally threatened anyone prior

14   to the shooting.  There is direct and circumstantial evidence that EVAN CAREY,

15   CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI,

16   DEREK TRUMBO, and MANUEL ZAMORA intentionally violated DECEDENT's

17   rights under § 1983 by shooting DECEDENT multiple times, including shots to his

18   back, shots from behind, shots while he was going to the ground and shots after he had

19   already went down to the ground.

20   102.  EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL

21   PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA, while

22   working as sheriff deputies for the COUNTY Sheriff Department, and acting within the

23   course and scope of their duties, interfered with or attempted to interfere with the rights

24   of DECEDENT to be free from unreasonable searches and seizures, to equal protection

25   of the laws, to access to the courts, and to be free from state actions that shock the

26   conscience, by threatening or committing acts involving violence, threats, coercion, or

27   intimidation.  DECEDENT, a Hispanic-American male, was also racially profiled by

28   the involved officers.

103.   DECEDENT was caused to suffer extreme mental and physical pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

104.   The conduct of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

105.   COUNTY is vicariously liable for the wrongful acts of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

106.   The conduct of EVAN CAREY, CHALIT CARRANTO, THOMAS COOK, DARRYL PATMON, FANK SPINELLI, DEREK TRUMBO, and MANUEL ZAMORA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

107.   Plaintiffs bring this claim as successors-in-interest to the DECEDENT and seek survival damages for the violation of DECEDENT's rights.

108.   The Plaintiffs also seek attorney fees under this claim.

///

///

///

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants as follows:

1.  For compensatory damages in excess of $20,000,000, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

2.  For funeral and burial expenses, and loss of financial support;

3.  For punitive damages against the individual defendants in an amount to be proven at trial;

4.  For interest;

5.  For reasonable costs of this suit and attorneys' fees; and

6.  For such further other relief as the Court may deem just, proper, and appropriate.

7.  For treble damages under Civil Code Section 52.1.


DATED:   June 30, 2025              FINN TRIAL ATTORNEYS, APC
                                    Gomez Law Group, P.C.
                                    By:

                                      _s/ Alvin M. Gomez_____
                                    DAVID P. FINN, Esq.
                                    Alvin M. Gomez, Esq.
                                    Boris Smslov, Esq.
                                    Attorneys for Plaintiffs

# **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury.

DATED:   June 27, 2025                    FINN TRIAL ATTORNEYS, APC
                                          Gomez Law Group, P.C.
                                          By:

                                          *s/ Alvin M Gomez*
                                          DAVID P. FINN, Esq.
                                          Alvin M. Gomez, Esq.
                                          Boris Smslov, Esq.
                                          Attorneys for Plaintiffs